IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-41014
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE LUIS SOSA-MENDOZA

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CR-71-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Sosa-Mendoza was convicted by bench trial of one count of possession of at least 100, but less than 400, kilograms of marijuana, in violation of 21 U.S.C. § 841. He presents two issues: (1) the district court's failure to suppress evidence; and (2) insufficiency of the evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sosa first contends: the stop of his vehicle by Officer Biggs violated the Fourth Amendment and the subsequent consent to search the truck was not voluntary. "In reviewing a district court's denial of a motion to suppress, we review the district court's findings of fact for clear error and its conclusions of law de novo", viewing the evidence in the light most favorable to the prevailing party. United States v. Lopez-Moreno, 420 F.3d 420, 429 (5th Cir. 2005).

The legality of a traffic stop is analyzed under the framework provided by Terry v. Ohio, 392 U.S. 1 (1968). Lopez-Moreno, 420 F.3d at 430. A traffic stop is justified if the officer has "an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle". Id. Officer Biggs testified, inter alia, that he observed Sosa's truck veer onto an improved shoulder for 200 to 300 feet, a possible violation of TEX. TRANSP. CODE § 545.058(a). Sosa maintains there was no violation because: there was no evidence the maneuver was dangerous; and he swerved due to a steering-wheel malfunction. Section 545.058(a), however, only permits a driver to drive on an improved shoulder under seven enumerated circumstances, which do not include vehicle malfunction. Furthermore, under § 545.058(a), the lack of danger is irrelevant. There is also no evidence that Officer Biggs knew, or should have known, of the alleged steering-wheel malfunction before stopping Sosa and questioning him. In sum, an objectively reasonable officer could have concluded that a traffic violation had occurred, justifying an investigative stop under Terry.

Sosa next maintains his consent to search his truck was not voluntary. Voluntariness-of-consent rulings are reviewed for clear error under a totality-of-the-circumstances test. United States v. Tompkins, 130 F.3d 117, 120-21 (5th Cir. 1997); United States v. Ponce, 8 F.3d 989, 997 (5th Cir. 1993). The record supports the conclusion that Sosa and Officer Biggs were able to communicate sufficiently in English and Spanish; that Sosa understood he was giving his consent to search; that there was no evidence of threats or coercive tactics; and

that he was sufficiently intelligent to understand the situation. There was no clear error in the district court's determination that Sosa's consent was voluntary. Because the stop of Sosa's vehicle satisfies the Terry standard and the voluntariness ruling presents no clear error, the district court did not err in admitting the seized evidence.

In challenging the sufficiency of the evidence at the bench trial, Sosa contends the Government failed to prove he had knowing possession of the marijuana. For a bench trial, our standard of review for a sufficiency-of-the-evidence issue is "whether the finding of guilt is supported by substantial evidence, i.e., evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond reasonable doubt that the defendant is guilty". United States v. Turner, 319 F.3d 716, 720 (5th Cir. 2003) (citation and internal quotation marks omitted). Under this standard, the evidence is viewed in the light most favorable to the Government. Id. at 720-21.

To prove a defendant possessed drugs with intent to distribute, the Government must establish (1) knowing (2) possession of the drugs in question (3) with intent to distribute them. United States v. Ortega Reyna, 148 F.3d 540, 543-44 (5th Cir. 1998). Sosa's exclusive control over the truck on a lengthy journey at the time of his arrest was sufficient for the court to conclude that he had constructive possession of the marijuana. See United States v. Inocencio, 40 F.3d 716, 724 (5th Cir. 1994).

Sosa urges that possession was not knowing because the marijuana was hidden, and he was not present when the truck was loaded, so others could have placed the marijuana there without his knowledge. "[W]hen the drugs are hidden, control over the vehicle alone is not sufficient to prove knowledge" unless drugs are "clearly visible or readily accesible". United States v. Garza, 990 F.2d 171, 174 & n.10 (5th Cir. 1993). The driver of a vehicle containing hidden drugs may be an unwitting courier; accordingly, additional circumstantial evidence of guilty knowledge is required. United States v. Diaz-Carreon, 915 F.2d 951, 954

(5th Cir. 1990). Those behaviors this court considers in assessing guilty knowledge in hidden-drug cases were catalogued in Ortega Reyna:

> (1) nervousness; (2) absence of nervousness, i.e., a cool and calm demeanor; (3) failure to make eye contact; (4) refusal or reluctance to answer questions; (5) lack of surprise when contraband is discovered; (6) inconsistent statements; (7) implausible explanations; (8) possession of large amounts of cash; and (9) obvious or remarkable alterations to the vehicle, especially when the defendant had been in possession of the vehicle for a substantial period of time.

148 F.3d at 544 (footnote call numbers omitted). In assessing guilty knowledge, also considered is the value of the drugs being transported. United States v. Villarreal, 324 F.3d 319, 324-25 (5th Cir. 2003).

There was ample circumstantial evidence of guilty knowledge. First, Sosa was highly nervous. Although his initial nervousness might be explained by the stop itself or his status as an unlawful alien, see Diaz-Carreon, 915 F.2d at 954, he became increasingly nervous and looked away immediately when asked if marijuana was in the truck. Further, there were other indicia of guilt. Sosa claimed to be delivering a small load of produce a long distance from Houston to Little Rock, which was impractical; he had no delivery address but only a contact telephone number; and he would have arrived at night. He was generally uncooperative during questioning by Special Agent Downing, and he gave inconsistent and evasive answers to both the Agent and Officer Biggs. Finally, the marijuana recovered had a value of $181,000. These facts provide substantial evidence supporting the district court's inference of guilty knowledge.

AFFIRMED.